FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 SEP 14  AM 10: 27

U.S. DISTRICT COURT
N.D. OF ALABAMA

FANT AIR, L.L.C.,               }
                                }
     Plaintiff,                 }
                                }    CIVIL ACTION NO.
v.                              }
                                }    99-AR-2164-S
AERO RECORDS AND TITLE          }
COMPANY, *et al.*,              }
                                }
     Defendants.                }

ENTERED
SEP 14 1999

**MEMORANDUM OPINION**

The court has for consideration the motions to dismiss separately filed by defendants, Aero Records and Title Company and Century II, Inc., pursuant to Rule 12(b)(2) F.R.Civ.P. Each defendant asserts that this court lacks *in personam* jurisdiction over it. The question presented is whether or not defendants, or either of them, had sufficient connections with the State of Alabama, the forum state, upon which to establish so-called "long arm" jurisdiction, which in Alabama is as long as the Due Process Clause.

Plaintiff, Fant Air, L.L.C., bases its invocation of jurisdiction on the facts that it is a resident of Alabama and that the aircraft that is the subject of the controversy was, at the time it was offered for sale by plaintiff, located in Alabama. The contract documents could have contained a forum selection clause,

1

but they did not. No employee of either defendant physically entered the State of Alabama on any occasion pertinent to this inquiry.

If this court should assert *in personam* jurisdiction over the defendants in this case, minimum contacts will become *de minimus*. The mere fact that plaintiff has its principal place of business here is about as thin a jurisdictional hook as ever a plaintiff tried to hang its hat on. The subject contract was not executed here, the inspection of the subject aircraft did not take place here, and no conversation took place here. The concept of fairness inherent in "due process," cannot allow plaintiff on these facts to make defendants litigate in plaintiff's home state.

If this were only a question of venue, this court would have no hesitation in transferring the case to a forum more convenient to defendants. The issue here, however, is not forum *non conveniens*. It is jurisdiction. The court finds that it lacks jurisdiction. Alabama's "long arm" statute is not that long.

A separate order granting defendants' motions will be entered. DONE this 14th day of September, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE